UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LEROY MOSES, SR.,<br>Petitioner,<br>v.<br>STATE OF CALIFORNIA,<br>Respondent. | 1:11-cv-00956-JLT HC<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS (Doc. 1)<br><br>ORDER DIRECTING THAT PETITIONER EITHER FILE HIS RESPONSE TO THE ORDER TO SHOW CAUSE OR AN AMENDED PETITION WITHIN THIRTY DAYS |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on June 2, 2011 in the Sacramento Division of this Court.[1] (Doc. 1). On June 13, 2011, the case was

[1]In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom*. Carey v. Saffold, 536 U.S. 214, 226 (2002); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th cir. 2003); Smith v. Ratelle, 323 F.3d 813, 816 n. 2 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears

transferred to the Fresno Division. (Doc. 6). A preliminary review of the Petition, however, reveals that the petition may be untimely and should be dismissed. Moreover, Petitioner has failed to actually allege any claims for relief, he has failed to include the proper Respondent in order for this Court to have jurisdiction over the petition, and he has failed to sign the petition under penalty of perjury. Because of the numerous defects, the Court will afford Petitioner two options: (1) if Petitioner has evidence to prove that the petition is timely, he should file a "first amended petition"; or, (2) if Petitioner does not have evidence that would show that the petition is timely, he should file a response to the Order to Show Cause presenting any arguments or evidence he may have as to why the petition should not be dismissed as untimely.

**DISCUSSION**

A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42. By issuing this Order to Show Cause, the Court is affording Petitioner the notice required by the Ninth Circuit in Herbst.

B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas

---

on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner did not sign his petition, but the proof of service is dated June 2, 2011. (Doc. 1, p. 8).

corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on June 2, 2011, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the Petitioner was convicted on April 7, 2008. (Doc. 1, p. 1). Petitioner filed a petition for review that was denied by the California Supreme Court on December 9, 2009, in case number S175098.[2] Thus, direct review would have concluded on March 9, 2010, when the

---

[2]The Court has determined this fact from accessing the California courts' electronic website. The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California

ninety day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would then have one year from the following day, March 10, 2010, or until March 9, 2011, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.

As mentioned, the instant petition was filed on June 2, 2011, almost three months *after* the date the one-year period would have expired. Thus, unless Petitioner is entitled to either statutory or equitable tolling, the instant petition is untimely and should be dismissed.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007;

---

Supreme Court are subject to judicial notice.

Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006). Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the re-initiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, Petitioner indicates in his petition that he has not filed any other state proceedings challenging his conviction apart from his direct appeal. (Doc. 1, p. 2). Accordingly, Petitioner is not entitled to any statutory tolling. Unless he is entitled to equitable tolling, the petition is untimely and must be dismissed.

D. Equitable Tolling

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997). The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 130 S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the

exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on the record now before the Court, the Court sees no basis for such a claim. Accordingly, it does not appear that Petitioner is entitled to equitable tolling. Thus, absent additional evidence that the Petitioner may present in a response to this Order to Show Cause, the petition appears to be untimely and should be dismissed.

E. Failure To State Cognizable Federal Habeas Claims.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In the instant case, Petitioner fails to state any cognizable federal claims. Petitioner does not allege a violation of the Constitution or federal law, nor does he argue that he is in custody in violation of the Constitution or federal law. Instead, in the spaces on the form petition provided for

listing habeas claims, Petitioner has indicated "Please read court documents." (Doc. 1, pp. 5-6). This is insufficient to invoke the Court's habeas jurisdiction.

As a federal court, this Court has no direct access to the records of the state court trial or appellate proceedings. Thus, contrary to Petitioner's recommendation, this Court cannot simply "read court documents" from Petitioner's state criminal case. Moreover, even were that possible, *it is Petitioner's job*, not the Court's, to identify grounds for relief. The Court cannot read through voluminous legal materials or review court documents from state court proceedings to try to find a cognizable legal claim for Petitioner. Petitioner, not the Court, has the responsibility to provide in the form petition all of the information necessary for the Court to adequately discharge its screening responsibilities. Accordingly, should Petitioner choose to file an amended petition, he must include in the form petition, a succinct explanation of each and every habeas claim he wishes to make, together with sufficient facts for the Court to determine, preliminarily, that the claim states a cognizable federal constitutional habeas claim. His failure to do so will result in a recommendation that his petition be dismissed.

F.  Failure To Name The Proper Respondent.

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. Id.

Here, Petitioner has named as Respondent the "The State of California." However, the State of California is not the warden or chief officer of the institution where Petitioner is confined and,

thus, does not have day-to-day control over Petitioner. Petitioner is presently confined at the Corcoran State Prison, Corcoran, California. The current warden of that facility is Raul Lopez. Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976). If Petitioner chooses to file an amended petition, Petitioner should name as Respondent the individual in charge of that facility.

G. Failure To Sign The Petition.

Local Rule 131 requires that any document submitted to this Court for filing to include an original signature. In addition, Rule 2 of the Rules Governing Section 2254 Cases requires a petition for writ of habeas corpus to "be signed under penalty of perjury by the petitioner." Here, Petitioner signed the proof of service under penalty of perjury, but did not sign the form petition itself under penalty of perjury. Should Petitioner choose to file an amended petition, that amended petition must be signed under penalty of perjury.

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS:

1. Petitioner, ***at his option***, is ordered to file, within thirty (30) days of the date of service of this Order, ***either***:

   A. **A response to this Order to Show Cause** why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d). In his response, Petitioner has the burden of proving that the petition was, in fact, timely filed under the AEDPA, and his failure to do so will result in a recommendation that the petition be dismissed as untimely; **or**,

   B. **A first amended petition** that contains (1) evidence that the petition was timely filed; (2) one or more cognizable federal habeas corpus claims; (3) a petition that is signed under penalty of perjury; and (4) a petition that names the proper respondent. Petitioner is advised that the amended petition should be clearly entitled "Amended Petition for Writ of Habeas Corpus." Petitioner is advised that the petition must set forth his

claim(s), including all the facts and arguments in support of said claim(s). With respect to any claims raised in an amended petition, Petitioner must have presented those claims, either in his original state court appeal or through a subsequent state habeas corpus petition, to the California Supreme Court prior to raising them in this Court. It is Petitioner's responsibility to advise the Court in his amended petition of the dates when the state courts ruled on the issues Petitioner raised.[3] The Court will not consider the original petition. Petitioner is reminded that each claim *must* state a cognizable federal claim.

**Petitioner is advised that his failure to comply with this order will result in a Recommendation that the Petition be dismissed pursuant to Local Rule 110.**

IT IS SO ORDERED.

Dated: **June 16, 2011**

**/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

[3]In the event Petitioner has not exhausted his state remedies, he may wish to withdraw the instant petition because of the one-year period of limitations in which a petitioner must file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period is tolled during the time a petition for writ of habeas corpus is pending in state court; however, it is not tolled for the time a *federal* petition is pending in federal court. Duncan v. Walker, 563 U.S. 167 (2001). Alternatively, as mentioned, Petitioner may choose to file an amended petition that deletes the unexhausted claim(s).